Adam J Schwartz (CA Bar No. 251831)
ADAM J SCHWARTZ, ATTORNEY AT LAW
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 455-4016
adam@ajschwartzlaw.com

*Attorneys for Plaintiff and the Classes*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SHEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICOLOR CALIFORNIA AUTO GROUP, LLC, a Delaware company,<br><br>Defendant. | No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Alexander Shen ("Plaintiff Shen" or "Shen") brings this Class Action Complaint and Demand for Jury Trial against Defendant Tricolor California Auto Group, LLC d/b/a Ganas Auto Group ("Defendant" or "Ganas Auto") to stop Ganas Auto from directing its agents to violate the Telephone Consumer Protection Act by making pre-recorded and other telemarketing calls to consumers *without their consent*, and to otherwise obtain injunctive and monetary relief for all persons injured by Ganas Auto's conduct. Plaintiff Shen, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.      Plaintiff Alexander Shen is a resident of Covina, California.

///

///

///

---

2.      Defendant Ganas Auto is a Delaware registered company headquartered in Dallas, Texas.  Defendant conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant operates multiple dealerships in this District, does business in this District, and the wrongful conduct giving rise to this case arose from that business and was directed to Plaintiff while he was residing in this District.

## INTRODUCTION

5.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

7.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

8.      While "prior express consent" is required for all pre-recorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

9.      "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

10.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

11.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

12.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

13.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

14.     According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

///

///

15. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

16. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

17. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

18. Tricolor California Auto Group, LLC does business using the d/b/a Ganas Auto Group.[3]

19. Ganas Auto is a car dealership that among other things sells cars and car insurance and provides financing and servicing services.[4]

20. As part of its business, Ganas Auto communicates with consumers by phone and through text messages.

21. Ganas Auto sends text message to solicit service reviews from consumers.

22. Ganas Auto also makes pre-recorded calls to consumers regarding its financing and insurance services without their prior express written consent, including to consumers who are registered on the National Do Not Call Registry.

///

///

///

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/ganas-auto-group/about/
[4] https://www.ganas.com/en/

23.     Furthermore, Ganas Auto lacks a sufficient opt-out system that results in consumers being inundated with calls, even after they have expressly opted out of receiving calls and text messages.

24.     For example, in Plaintiff Shen's case, Ganas Auto sent him a text message and he responded to the text message asking Ganas Auto to stop calling him. Despite the *do not call* request, Plaintiff Shen then received 3 unwanted pre-recorded calls to his cell phone.

25.     In response to these calls, Plaintiff Shen files this lawsuit seeking injunctive relief requiring Defendant to cease from violating the Telephone Consumer Protection Act by, among other things placing unsolicited calls to consumers' cellular telephone numbers using pre-recorded messages, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF SHEN'S ALLEGATIONS

26.     Plaintiff Shen's cell phone is not associated with a business and is used for personal use only.

27.     On May 6, 2020 at 8:52 AM, Plaintiff Shen received a text from Defendant using phone number 626-436-3222 to his cell phone:

///
///
///
///
///
///
///
///
///
///
///
///





28.     Plaintiff Shen has never given Ganas or any of its affiliated companies his phone number or otherwise consented to be contacted by them.

29.     On May 7, 2020 at 11:48 AM, Plaintiff sent "STOP" to 626-436-3222 to stop any further communication from Defendant. He immediately received an automated response showing that he had been unsubscribed:

///

///

30.     Despite his clear do not call request, Plaintiff received a pre-recorded call to his cell phone from Ganas Auto on May 28, 2020 at 1:30 PM using phone number 844-844-2627. Plaintiff answered this call and heard a message pertaining to insurance premiums on behalf of Ganas Auto. The message asked Plaintiff to call Ganas Auto back using phone number 626-242-1737.

31.     Ganas Auto sells auto insurance through its affiliate company Tricolor Insurance Agency.

32.     Ganas Auto promotes these insurance product plans through its dealerships and to its own customers and vehicle owners.[5]

33.     Ganas Auto shows on its website that 844-844-2627 is its Customer Support phone number:



34.     Plaintiff was asked to call 626-242-1737 in the pre-recorded message. According to Whitepages Premium, 626-242-1737 belongs to Defendant:

///

///

///

///

---

[5] https://www.globenewswire.com/news-release/2019/08/13/1901010/0/en/Tricolor-Launches-New-Affordable-Auto-Insurance-for-Low-Income-Credit-Invisible-Consumers.html
[6] https://www.ganas.com/en/contact-us



7

35.    Plaintiff then received a second call from Ganas Auto on May 30, 2020 at 1:37 PM using phone number 844-844-2627 to his cell phone. This call was not answered, but Plaintiff called 844-844-2627 back on May 30, 2020 at 1:40 PM. Plaintiff did not speak to a live agent during this call.

36.    On June 1, 2020 at 1:50 PM, Plaintiff received a third call, which was also another pre-recorded call from Defendant using phone number 844-844-2627 to his cell phone. Plaintiff answered the call and selected an option to speak to a live agent. Plaintiff asked the agent to remove his phone number from Defendant's system.

37.    The unauthorized prerecorded solicitation telephone calls that Plaintiff received from Ganas Auto, as alleged herein, have harmed Plaintiff Shen in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his cell phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phones. The calls also wasted Plaintiff's time, as, among other things, Plaintiff returned a missed call to Defendant and spent time trying to opt-out from receiving additional calls.

38.    Seeking redress for these injuries, Plaintiff Shen, on behalf of himself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47

---

[7] https://premium.whitepages.com/phone/1-626-242-1737

U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded and other telemarketing calls to cellular telephones and numbers registered on the National Do Not Call Registry.

## CLASS ALLEGATIONS

39.     Plaintiff Shen brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message, and (3) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff.

40.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Shen anticipates the need to amend the Class definitions following appropriate discovery.

41.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Shen and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    whether Defendant placed pre-recorded voice message calls to Plaintiff Shen and members of the Pre-recorded Class without first obtaining consent to make the calls;

    (b)    whether Defendant systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

    (c)    whether Defendant's calls to Plaintiff and other consumers were made for telemarketing purposes;

    (d)    whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (e)    whether Defendant's conduct constitutes a violation of the TCPA;

    (f)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

43. **Adequate Representation**: Plaintiff Shen will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiff Shen has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Shen and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Shen nor his counsel have any interest adverse to the Classes.

44. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Shen. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Shen and the Pre-recorded No Consent Class)**

45.     Plaintiff Shen repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference.

46.     Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Shen and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

47.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Shen and the other members of the Pre-recorded No Consent Class.

48.     Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Shen and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

49.     Plaintiff Shen repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference.

50.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

52.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

54.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

55.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**THIRD CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Registry Class)**

56.     Plaintiff Shen repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference.

57.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for

telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not

to receive further telemarketing calls. A do-not-call request must be
honored for 5 years from the time the request is made.

58.     Defendant or its agent made marketing calls to Plaintiff and members of the
Internal Do Not Call Class without implementing internal procedures for maintaining a list of
persons who request not to be called by the entity and/or by implementing procedures that do not
meet the minimum requirements to allow Defendant to initiate telemarketing calls.

59.     The TCPA provides that any "person who has received more than one telephone
call within any 12-month period by or on behalf of the same entity in violation of the regulations
prescribed under this subsection may" bring a private action based on a violation of said
regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid
receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

60.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of
Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each
entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shen individually and on behalf of the Classes, prays for the
following relief:

61.     An order certifying this case as a class action on behalf of the Classes as defined
above; appointing Plaintiff Shen as the representative of the Classes; and appointing his
attorneys as Class Counsel;

62.     An award of actual and/or statutory damages and costs;

63.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

64.     An injunction requiring Defendant to cease all unsolicited calling activity, and to
otherwise protect the interests of the Classes; and

65.     Such further and other relief as the Court deems just and proper.

///
///
///

**JURY DEMAND**

Plaintiff Shen requests a jury trial.


Dated: August 17, 2020

By: _A Schwg_____
Adam J Schwartz (CA Bar No. 251831)
ADAM J SCHWARTZ, ATTORNEY AT LAW
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 455-4016
adam@ajschwartzlaw.com

Avi R. Kaufman*
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
kaufman@kaufmanpa.com
*Pro hac vice motion forthcoming

*Attorneys for Plaintiff and the putative Classes*