Ryan D. Watstein, Esq. (admitted *pro hac vice*)
rwatstein@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NE, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3988
Facsimile: (404) 400-7333

*Counsel for Defendant,*
*Tricolor California Auto Group, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDER SHEN, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TRICOLOR CALIFORNIA AUTO GROUP, a Delaware company,

Defendant.

Case No. 2:20-cv-07419-PA-AGR
Hon. Percy Anderson

**DEFENDANT, TRICOLOR CALIFORNIA AUTO GROUP, LLC'S OBJECTION TO PLAINTIFF'S F.R.C.P. RULE 5.1 NOTICE OF CONSTITUTIONAL QUESTION**

FAC filed: November 2, 2020
Complaint filed: August 17, 2020

Defendant, Tricolor California Auto Group, LLC hereby objects to Plaintiff Alexander Shen's Notice of Constitutional Question Pursuant to F.R.C.P. Rule 5.1 (Dkt. 25) on the basis that it is improper and without merit.

The Notice is based on the contention that Tricolor's motion to dismiss the first amended complaint (Dkt. 24) "challenged the constitutionality of section (c)(5) of the Telephone Consumer Protection Act, 47 U.S.C. § 227." This is false.

*First*, Plaintiff does not raise a claim regarding 47 U.S.C. § 227(c)(5) in the FAC, nor is this provision mentioned at all in either the FAC or the motion to dismiss the FAC. Rather, the FAC raises one claim under 47 U.S.C. §227(b)(1)(A)(iii) (the "robocall restriction"), and the motion to dismiss challenges this claim based solely on the argument that the Court lacks subject matter jurisdiction to adjudicate it following the Supreme Court's ruling in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) (hereinafter, "*AAPC*"). Accordingly, the Notice itself is simply incorrect and should be summarily disregarded.

*Second*, to the extent Plaintiff intended to claim that Tricolor's argument regarding the robocall restriction in the motion to dismiss raises a constitutional question under F.R.C.P. 5.1, that too is wrong. Contrary to Plaintiff's contention, Tricolor's motion does not "challenge[] the constitutionality" of anything, as the constitutional challenge to the robocall restriction was already decided by the Supreme Court in *AAPC*. *Id*. at 2347 (holding that "the robocall restriction with the government-debt exception is content-based" and fails strict scrutiny). Tricolor's motion merely notes that the *effect* of the Supreme Court's decision in *AAPC* is to deprive this Court of subject matter jurisdiction in this case.

It is therefore unsurprising that in the only two cases where a district court has ruled on motions *exactly* like the one filed by Tricolor, no Rule 5.1 notice was necessary. In both of those cases, defense counsel raised Rule 5.1 to the courts and

to the plaintiffs' counsel in the briefing and pointed out why it did not apply.[1] Both the plaintiffs and the courts there agreed: the plaintiffs did not file a Rule 5.1 notice and neither Chief Judge Gaugahn nor Judge Feldman certified a constitutional question pursuant to 28 U.S.C. § 2403(a).[2]

The reason why is obvious: the motions to dismiss in those cases—just like Tricolor's here—did not "draw[] into question the constitutionality of a federal or state statute" as required to trigger Rule 5.1's or Section 2403(a)'s notice and certification requirements, because the constitutional challenge had already been decided by the Supreme Court. *See* Fed. R. Civ. P. 5.1(a); 28 U.S.C. § 2403(a); *Creasy v. Charter Commc'ns, Inc.*, --- F. Supp. 3d ----, 2020 WL 5761117, at *6 (E.D. La. Sept. 28, 2020) ("[T]he Supreme Court struck [the robocall restriction] down as an unconstitutional content-based restriction on speech[.]"); *Lindenbaum v. Realgy, LLC*, --- F. Supp. 3d ----, 2020 WL 6361915, at *1 (N.D. Ohio Oct. 29, 2020) ("In *AAPC*, the Supreme Court held that [the robocall restriction] violated the Constitution[.]"). Instead, Chief Judge Gaughan and Judge Feldman agreed that the Supreme Court's ruling in *AAPC* had the *effect* of depriving the courts of subject matter jurisdiction over claims asserted under the robocall restriction during the time it was unconstitutional. *Lindenbaum*, 2020 WL 6361915, at *7 ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks

---

1 *See Creasy v. Charter Commc'ns, Inc.*, No. 2:20-cv-1199, Dkt. 30-1, p. 1, n. 1 (E.D. La. Aug. 14, 2020); *Lindenbaum v. Realgy, LLC*, No. 1:19-CV-02862, Dkt. 20, p. 1, n. 1 (N.D. Ohio Aug. 4, 2020).

2 28 U.S.C. § 2403(a) provides: "In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

jurisdiction over this matter."); *Creasy*, 5761117, at *6 ("the Court indeed lacks subject matter jurisdiction over each of the … violations the plaintiffs allege to have occurred before the Supreme Court restored the constitutional muster of § 227(b)(1)(A)(iii) … in *AAPC*.").

Thus, Rule 5.1 is simply inapplicable here, and the Court should reject Plaintiff's attempt to improperly invoke it. *See also Whittaker v. The Dodsworth Building, LLC*, No. CV 20-6972, Dkt. 17, pp. 2-3 (C.D. Cal. Oct. 15, 2020) (denying request to certify constitutional question for purposes of F.R.C.P. 5.1 where constitutionality of statute not drawn into question); *Estrada v. Ross Stores, Inc.*, No. CV 20-7195, Dkt. 16, pp. 2-3 (C.D. Cal. Oct. 15, 2020) (same).

Not only is notice and certification not required under the plain terms of the applicable provisions, notice and certification in this case cannot possibly advance Rule 5.1's or Section 2403(a)'s intended purpose to give the Attorney General "a chance to intervene to defend the constitutionality of a statute before the Court declares it unconstitutional." *See Langer v. 1148 Broadway Associates, LLC*, 2020 WL 5846463, at *6 (C.D. Cal. Aug. 6, 2020) (denying plaintiff's request to certify a constitutional question where the court would "have no moment to rule on the constitutionality" of the relevant statute); Fed. R. Civ. P. 5.1 Advisory Committee Notes ("The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation."). The Attorney General was a party to *AAPC*; thus, he already has had a full opportunity to defend the robocall restriction before the Supreme Court declared it unconstitutional. *See AAPC*, 140 S. Ct. at 2335. The Attorney General's intervention in this case is therefore neither appropriate nor necessary. *See* 28 U.S.C. § 2403(a) (intervention of the United States should be permitted only where, unlike here, a federal statute's constitutionality "is drawn into question").

For the reasons set forth above, this Court should join *Lindenbaum* and *Creasy* in correctly declining to invoke Rule 5.1 in this case. *AAPC* already resolved the constitutionality of the robocall restriction, and the only remaining question at issue in the pending motion to dismiss is the *effect* of that holding on claims brought during the period of time when that provision was unconstitutional. Tricolor's motion to dismiss the FAC should be briefed, considered, and decided without delay.

DATED: December 2, 2020

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
Paul A. Grammatico

*Counsel for Defendant,*
*Tricolor California Auto Group, LLC*